John P. HAZEL, Appellant,

v.

Norman CARLSON, Director, Bureau of Prisons, and George C. Wilkinson, Warden, Federal Correctional Institution, Danbury, Connecticut, Appellees.

No. 1045, Docket 77–2012.

United States Court of Appeals, Second Circuit.

Argued April 19, 1977.

Decided June 21, 1977.

David J. Gottlieb, New York City (William J. Gallagher, The Legal Aid Society, Federal Defender Services Unit, New York City, of counsel), for appellant.

Frank H. Santoro, Asst. U. S. Atty., New Haven, Conn. (Peter C. Dorsey, U. S. Atty., D. Connecticut, New Haven, Conn., on the brief), for appellee.

Before MOORE, SMITH and FEINBERG, Circuit Judges.

MOORE, Circuit Judge:

John Hazel appeals from a decision of the United States District Court for the District of Connecticut, denying his petition to enjoin his transfer from Danbury Correctional Institution to the Lewisburg Penitentiary.

On July 1, 1972, Hazel was sentenced pursuant to Title II of the Narcotics Addict Rehabilitation Act, 18 U.S.C. § 4251 *et seq.* ("NARA"), to a prison term not to exceed ten years. He was committed to Danbury prison, which operates a drug treatment program. On April 11, 1975, he was paroled. Soon thereafter, however, he violated his parole by committing grand larceny. He was thus returned to Danbury on December 4, 1975, with over six years of his NARA sentence remaining to be served. Moreover, on April 21, 1976, he was sentenced to a prison term of two to eight years for the larceny he committed while on parole. Because the sentence for the larceny is to run consecutively with his NARA sentence, Hazel, in 1976, faced a maximum of over fourteen years in prison.

On July 28, 1976, Hazel was informed that he was to be transferred from Danbury prison to Lewisburg penitentiary. The transfer was apparently requested because Hazel's lengthy total sentence conflicts with federal guidelines designed to restrict Danbury prison to inmates serving relatively modest terms of incarceration.

The record is unclear whether Hazel made any formal attempt to bring his ob-

jection to the proposed transfer to the attention of the prison authorities. In any event, he filed a *pro se* habeas corpus petition in the district court seeking injunctive relief against the transfer. He alleged that removing him from Danbury to a federal penitentiary would deprive him of the treatment which was his due under the NARA. The district court held, however, that pursuant to 18 U.S.C. § 4082(b) the choice of appropriate place of confinement rests with the Attorney General; that Lewisburg penitentiary has some type of drug treatment program; and that as a result there had been no showing that the transfer would constitute an abuse of the Attorney General's discretion. Hazel, now with court-appointed counsel, appeals from the district court's decision.

Hazel presents several arguments on appeal. He posits that the Government operates only five prisons which have drug treatment facilities intended to handle addicts committed under Title II of the NARA. While Danbury is one of the five prisons enumerated by Hazel, Lewisburg is not. Thus, the argument goes, Lewisburg is not prepared to offer Hazel the quality of rehabilitative care that § 4253 contemplates. The proposed transfer, he concludes, will violate his "right" to treatment under NARA, a "right" which he contends is wholly unaffected by events subsequent to his commitment in 1972.

Hazel also argues that the proposed transfer will violate his right to equal protection of law. He contends that a defendant sentenced under NARA accepts the indeterminate commitment of up to ten years mandated by § 4253 instead of relying on the court's discretion to formulate a possibly shorter term. The *quid pro quo* is supposed to be rehabilitative treatment in a NARA program. A transfer to Lewisburg, Hazel concludes, will violate equal protection by depriving him of the benefit of his "bargain".

Unfortunately, we are unable fairly to evaluate these arguments on their merits because of the scant record before us, undoubtedly the result of Hazel's *pro se* status

before the district court. For example, the record contains no data whatsoever regarding the quality and type of drug rehabilitation activities which may be available at Lewisburg. Without district court evaluation of this factual matter, it is impossible to determine whether Lewisburg's rehabilitation unit is sufficient to meet the definition of "treatment" found in § 4251(c). Also, the record does not reflect whether, and if so, when, Hazel would in fact be admitted to any narcotics program operating at Lewisburg. Obviously, a finding on this issue is fundamental to a determination of whether Hazel's transfer would "deprive" him of treatment. In addition, we note that it was not until after the district court had rendered its decision that the Government retracted its false representation that Hazel had not been participating in the rehabilitative program available to him at Danbury. Apparently, no reconsideration of the decision by the district court was sought by Hazel prior to institution of this appeal. Finally, we think it appropriate that we have the considered views of the district court, rendered on more than the present near-blank record, regarding the arguments which have been raised in Hazel's behalf on appeal.

Accordingly, we vacate the judgment of the district court and remand for further proceedings not inconsistent with this opinion.